IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GULTEN BAEZ,                    )
                               )
            Plaintiff,         )
                               )
    v.                         )    No.  09 C 6270
                               )
ILLINOIS TITLE LOANS, INC.,    )
et al.,                        )
                               )
            Defendants.        )

MEMORANDUM ORDER[1]

After this Court's February 23, 2010 oral ruling dismissing

the First Amended Complaint ("FAC") that had been filed by Gulten

Baez ("Baez"), Baez's counsel asked and this Court granted leave

to file a Second Amended Complaint ("SAC") in an effort to cure

the flaw that this Court had found in the earlier filing.  Baez's

counsel filed the SAC on the very next day (February 24), but he

failed to comply with this District Court's LR 5.2(f)(echoed in

this Court's website) that requires delivery of a courtesy copy

to a Judge's chambers not later than the next day.

This Court thus had no knowledge of the new filing until

March 2, when it received a notice of presentment of a renewed

dismissal motion by codefendant Eagle Empire Enterprises, Inc.

("Eagle Empire") with a copy of the SAC attached as Ex. B.  At

the March 5 presentment date this Court denied Eagle Empire's

motion to dismiss SAC Count I, while at the same time granting

---

[1]  This memorandum order confirms a March 5, 2010 oral
ruling issued by this Court.

its motion to dismiss SAC Count II and to strike Baez's prayers for the award of punitive damages.[2]

At that point during the presentment hearing, counsel for codefendant Illinois Title Loans, Inc. ("Illinois Title") drew attention to that defendant's early February alternative motion (1) to dismiss the FAC or (2) to require arbitration and to stay the action meanwhile (because of this Court's February 23 order of dismissal, it never had occasion to address that second alternative).  That issue remains viable as to the SAC. Accordingly Baez has been ordered to respond to that alternative contention on or before March 19, 2010, with a next status hearing being set for March 25 at 9 a.m.

_____
Milton I. Shadur
Senior United States District Judge

Date:  March 8, 2010

---

[2]  This Court also fined Baez and his counsel, jointly and severally, the sum of $100 for their rules violation (something foretokened in this Court's website).