```
           IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF ILLINOIS
                     EASTERN DIVISION

GULTEN BAEZ,                      )
                                  )
          Plaintiff,              )
                                  )     No.  09 C 6270
     v.                           )
                                  )
ILLINOIS TITLE LOANS, INC.,       )
et al.,                           )
                                  )
          Defendants.             )
```

## MEMORANDUM ORDER

Despite its comparative youth as federal actions go, this case has spawned a good many filings tendered by the litigants and several memorandum orders issued by this Court. Now the most recent of the filings call for still another memorandum order, this time calling for a hiatus in in-court proceedings.

In response to the motion by Illinois Title Loans, Inc. ("Illinois Title") that seeks, as an alternative, a stay in the action in favor of arbitration, plaintiff Gulten Baez ("Baez") has filed a written response that really does not come to grips with the predicate for Illinois Title's motion. Paragraph 10 of the Installment Loan and Security Agreement between the parties is unambiguous in requiring arbitration as the means of resolving "any claim, dispute or controversy" between the parties, and Baez's counsel is totally unpersuasive in trying to talk his way out of that all-encompassing provision. At the same time, Illinois Title's counsel is wrong in calling for dismissal of this action--under the Federal Arbitration Act (9 U.S.C. §3) and

the consistent teaching of our Court of Appeals, the proper course of action is to stay this lawsuit while arbitration is going forward.

One other point should be added. In the earlier-cited Paragraph 10, the requirement of arbitration also includes, in the definition of the parties to such arbitration, the collection agency that Baez has also sued here, Eagle Empire Enterprises, Inc.:

> These terms [defining the parties to the arbitration] for purposes of this Arbitration Provision also mean any third party providing any goods and services in connection with the originating, servicing and collection of this Agreement if such third party is named as a party by you [Baez] in any lawsuit between you and us [Illinois Title].

Accordingly all of the parties to this action are ordered to proceed to arbitration in accordance with the above-referred-to Arbitration Provision. This action is stayed, with the next status hearing set for 9 a.m. September 29, 2010 in lieu of the now-vacated March 31, 2010 date.

                                      _____
                                      Milton I. Shadur
                                      Senior United States District Judge

Date:  March 29, 2010